UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEXANDER MENDOZA,<br>Defendant. | Case No. 16-cr-00459-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 130 |

On December 18, 2020, the Court held a hearing on defendant Alexander Mendoza's motion for compassionate release. For the reasons set forth below, the Court DENIES the motion without prejudice to renewal in the event defendant's situation significantly deteriorates.

**BACKGROUND**

Defendant Alexander Mendoza is 39 years old and currently serving a 120-month sentence for his convictions on one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). At the time of his arrest, defendant was living with his family in San Mateo, CA.

Defendant is incarcerated at FCI Lompoc, has served approximately 27-30% of his sentence, and has an anticipated release date of November 18, 2026. Defendant originally filed his motion *pro se*, and after counsel was appointed for him, his lawyer filed a supplemental motion. The government opposes the motion, and defendant has filed a reply.

**DISCUSSION**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*[1]

Defendant requests that the Court modify his sentence to time served and order that he be released to live with his sister in San Mateo, with home confinement for the remainder of his sentence followed by a five year term of supervised release with conditions as ordered by the Court at sentencing. Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he has underlying medical conditions that make him particularly vulnerable to COVID-19, including shortness of breath and other respiratory issues, and his

---

[1] The parties disagree about whether U.S. Sentencing Guidelines Manual § 1B1.13 is "applicable" to compassionate release motions brought by defendants. That policy statement, which has not been amended since the passage of the First Step Act, sets forth circumstances that constitute "extraordinary and compelling reasons," and also provides that the Bureau of Prisons ("BOP") may determine whether there are "other reasons" that are "extraordinary and compelling" that warrant compassionate release. *See id.* at Application Notes. Defendant asserts that the First Step Act empowered district courts to independently determine whether reasons are "extraordinary and compelling," while the government contends that district courts may only consider the specific reasons listed in the policy statement and only the BOP may determine if there are "other reasons" not specifically enumerated. District courts within the Ninth Circuit have split on this issue, and the Ninth Circuit has not yet addressed the question. Four circuit courts have ruled on the issue, and all three have held that the policy statement is not applicable to compassionate release motions brought by defendants. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Jones*, 2020 WL 6817488, __ F.3d __ (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 2020 WL 6813995, __ F.3d __ (7th Cir. Nov. 20, 2020); *United States v. McCoy*, 2020 WL 7050097, __ F.3d __(4th Cir. Dec. 2, 2020).
    Because the Court is denying defendant's motion based upon the factors set forth in 18 U.S.C. § 3553(a) as well as concerns about defendant's release plan, the Court need not resolve this dispute about what constitutes "extraordinary and compelling reasons" at this time.

extensive smoking history.  Defendant contends that his respiratory symptoms and sore throat have continued for approximately six months after he tested positive for COVID-19 in early May, though he was asymptomatic at that time.  Defendant's medical records indicate that he is receiving treatment and care for his complaints, such as x-rays, throat cultures, and medication.  Defendant also asserts that FCI Lompoc, which has had significant COVID-19 outbreaks among prisoners and staff, is ill equipped to prevent another serious outbreak and to implement measures that are necessary to mitigate risk.

The government opposes defendant's motion on numerous grounds.  The government contends defendant has failed to establish a "extraordinary and compelling" case because he does not suffer from a medical condition enumerated by the CDC as creating a particularly high risk for severe symptoms should he contract COVID-19 again.  The government emphasizes that defendant has only served 27-30% of his sentence, and the government notes that the defendant has an imperfect disciplinary record in prison.  The government additionally argues defendant's release plan is inadequate to ensure his compliance with the law.  Last, government argues that the BOP and FCI Lompoc have taken significant measures to provide medical treatment and care to defendant and to protect the health of its inmates more generally.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted.  The Court recognizes that defendant's respiratory complaints may lead to exacerbated symptoms should he contract COVID-19 again, and the Court is very concerned about the spread of COVD-19 in the federal prison system, especially about the outbreaks at FCI and USP Lompoc.  However, the Court finds that reduction of the sentence to time served and conversion of the remaining sentence to home confinement would not satisfy "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime," nor would it "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A)-(C).  The Court is also concerned that defendant has not as yet been able to participate in the RDAP program in prison, although he has been approved for the program.  The Court believes it is important that defendant get the benefit of this program prior to competing his imprisonment.

Accordingly, the Court DENIES defendant's motion without prejudice to renewal in the event defendant's health or prison conditions significantly deteriorate.

**IT IS SO ORDERED**.

Dated: December 18, 2020

_____
SUSAN ILLSTON
United States District Judge

4