UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MENDOZA,<br><br>Defendant. | Case No. 16-cr-00459-SI-1<br><br>**ORDER GRANTING DEFENDANT ALEXANDER MENDOZA'S MOTION FOR RECONSIDERATION AND GRANTING COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 149 |

Defendant Alexander Mendoza has filed a motion for reconsideration of the Court's previous denial of his motion for compassionate release. The Court has reviewed all of the material submitted by the parties, and for the reasons set forth below GRANTS the motion. This order is stayed for up to fourteen days, for the establishment of a release plan to Mr. Mendoza's parents' residence at 46 North Humboldt St., San Mateo, California 94401, and to make appropriate travel arrangements. Mr. Mendoza shall be released as soon as a release plan is established and appropriate travel arrangements are made. If more than fourteen days are needed to make these arrangements, the parties shall immediately notify the Court and show cause why the stay should be extended.

**BACKGROUND**

Defendant Alexander Mendoza is 41 years old and currently serving a 120-month sentence for his convictions on one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He has an anticipated release date of November 18, 2026.

In October 2020, Mendoza filed a motion for compassionate release based on his underlying respiratory conditions that he asserted made him particularly vulnerable to COVID-19. In an order filed December 18, 2020, the Court denied Mendoza's motion for compassionate release, noting that he had served only 37-40% of his sentence, and the Court was concerned that he had not yet been able to participate in the RDAP program.

On March 8, 2022, Mendoza filed a *pro se* motion for reconsideration. On March 15, the government filed an opposition. After counsel was appointed for Mendoza, the parties agreed to a further briefing schedule. Mendoza's appointed counsel filed a reply brief on April 21, 2022. On May 9, 2022, the government notified the Court's clerk that it would not be filing a supplemental reply.

**DISCUSSION**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[1] may inform a district court's discretion for § 3582(c)(1)(A)

---

[1] Section U.S.S.G. § 1B1.13 states:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the

2

motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "'[D]istrict courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant may raise.'" *Id*. at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original).

Mendoza seeks compassionate release in order to care for his 80 year old father, who has recently had several strokes and is in poor health. The caregiving for Mendoza's father is currently being shared by his 74 year old mother, who has a number of her own health issues and who works full-time to provide for the family and maintain health insurance, and Mendoza's sister Susana, who is married, cares for two young children, and also works full-time outside the house. *See* Sibling Letters at Dkt. No. 149-1, Ex. 3. Mendoza asserts that as his father's health continues to decline, the efforts of his sister and mother are not sufficient nor sustainable because neither relative can afford to quit her full-time job in order to provide the daily level of care required by his father. Mendoza states that if he is released, he will live with his parents and "provide round the clock care for his father as well as providing care and help around the house needed by his mother." Reply at 3.

Mendoza has also submitted evidence showing that he was transferred to the minimum security satellite camp at USP Atwater in early 2021, and that he has completed 30 courses there, including courses on anger management, parenting, health and wellness, food handling, and culinary

---

unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Note 1 to the policy statement states that one extraordinary and compelling reason is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

arts. *See* Dkt. No. 149-1, Ex. 5. Mendoza states that he has not yet been able to start RDAP through no fault of his own, but he notes that he did complete a 12 hour drug education program in 2018 while he was incarcerated at FCC Lompoc.[2] Mendoza argues that he is not a danger to society, as evidenced by the BOP's decision to transfer him to a minimum security satellite camp as well as the BOP's calculation of his Recidivism Risk Assessment/PATTERN scores, which were determined to be minimal. *See id*. Mendoza has also submitted evidence of his continuing respiratory issues. *See id*.

The government responds that while "it is clear that his father is contending with significant health issues," it is not essential for Mendoza to care for his father because defendant's mother and sister are "capable caregivers." Opp'n at 4. The government also asserts that Mendoza is a danger to society, citing the opposition brief that it filed in response to Mendoza's 2020 motion. That brief, however, did not contend that Mendoza was a danger to society. *See* Dkt. No. 141. Finally, the government emphasizes that Mendoza has received the COVID-19 vaccination and booster shots (as well as a previous COVID infection), and thus that he is not at significant risk of developing complications in the event he contracted COVID.

The Court concludes that Mendoza has demonstrated extraordinary and compelling reasons warranting compassionate release. It is undisputed that defendant's 80 year old father is in poor and declining health and requires considerable caregiving and transportation to numerous medical appointments. The letters submitted by defendant show that Mendoza's mother is 74 years old and contending with her own health issues, including constant pain that impairs her ability to care for her husband, and that she must continue working in order to support the family and keep health insurance. Mendoza's sister Susana also works full time, cares for another sister's younger two children, and at times has been required to take time off of work, unpaid, in order to care for her father. *See* Sibling Letters at Dkt. No. 149-1, Ex. 3. The Court finds that Mendoza has shown that he is the only available caregiver who can provide the assistance that his father requires. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) ("Mr. Bucci's circumstances are similar to

---

[2] The Court notes that the exhibits submitted by defendant also include a November 2021 certificate for completion of an addiction video series.

those that the Sentencing Commission specifically articulated as examples of 'extraordinary and compelling reasons' in its policy guidance. . . . Mr. Bucci is the "only available caregiver," . . . for an ailing, close member of his family: his mother."); *United States v. Nagi*, No. 06-CR-20465, 2021 WL 5114579, at *5 (E.D. Mich. Nov. 3, 2021) ("[T]his Court finds the need to care for an incapacitated parent to be an extraordinary and compelling reason for a sentence modification when there are no other caregivers available.").

The Court also finds that Mendoza is not a danger to society, and that the § 3553(a) factors now support compassionate release. The Court notes that the Probation Office determined that Mr. Mendoza's parents' residence was appropriate for his release. Dkt. No. 138. Mendoza has served more of his sentence since his prior motion, and he has completed a significant amount of programming since his transfer to Atwater. Further, defendant asserts – and the government does not dispute – that he would likely receive significant time credits based on the courses he has completed at Atwater, and thus that his actual release date is likely earlier than November 2026.

Under all of these circumstances, the Court concludes that it is appropriate to grant defendant's motion for compassionate release. Defendant is hereby resentenced to time served, and under 18 U.S.C. § 3582(c)(1)(A), defendant is ordered to serve five years of supervised release (as originally imposed), and defendant's previously imposed conditions of supervised release are unchanged.

**IT IS SO ORDERED**.

Dated: May 20, 2022

SUSAN ILLSTON
United States District Judge